UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE COMPANY | )( )( )( |
| Plaintiff | )( )( |
| vs. | )(  CIVIL ACTION NO._____ )( |
| LABELLECO FAB, CO | )( )( |
| Defendant | )( |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff StarStone National Insurance Company files this Complaint for Declaratory Judgment against Defendant LaBelleCo Fab, Co ("Defendant LaBelleCo") and respectfully shows as follows:

### I.

### PARTIES

1. Plaintiff StarStone National Insurance Company ("StarStone") is a Foreign For-Profit Corporation with its principal place of business in Jersey City, New Jersey.  Torus National Insurance Company was purchased in 2014 by a company named Enstar Group Limited together with Trident Funds managed by Stone Capital ("Enstar").  Enstar subsequently changed its name to StarStone in November of 2015.  StarStone is the actual entity that owns the "Torus" policy of insurance that was sold to Defendant.

2. Defendant LaBelleCo Fab, Co ("LaBelleCo") is a Domestic Limited Liability Company with its principal place of business in Beaumont, Texas, and may be served with process through its registered agent, Ryan Merendino, at 7335 Frint Drive, Beaumont, Texas 77720.

### II.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 and Section 2201, *et seq.*  This is a dispute between a Foreign For-Profit Corporation with its principal place of business in Jersey City, New Jersey, and a Domestic Limited Liability Company with its principal place of business

in Beaumont, Texas.  Thus, there is complete diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 minimum jurisdictional limits of this Court.

4.     Pursuant to 28 U.S.C. Section 1391, venue is proper in the Eastern District of Texas because Defendant LaBelleCo and the subject property are located in this District, and a substantial part of the events giving rise to this action occurred in this District.

### III.

### FACTUAL BACKGROUND

5.     This is an insurance coverage dispute under Policy No. TN11002051-00 (the "Policy") issued by StarStone to Defendant LaBelleCo for the policy period from May 10, 2016, to May 10, 2017. Attached hereto as Exhibit "A" and incorporated herein is a true and correct copy of said Policy.  Subject to the Policy terms and conditions, the Policy was to provide coverage for a 2013 Robinson R66 Helicopter, N38SL (hereafter referred to as the "Helicopter" and/or the "Property"), located in Beaumont, Texas.  The Policy provided property/hull coverage for said Helicopter, subject to a limit of insurance of $700,000.00.

6.     On or about June 8, 2016, Defendant LaBelleCo submitted notice under the Policy of damage to the Property resulting from a June 7, 2016, incident where said Helicopter turned over on its side.  StarStone properly acknowledged receipt of the notice and requested additional information about the claimed loss and inspected the damaged Property on June 10, 2016.

7.     After conducting a reasonable and timely investigation of the insurance claim, StarStone advised Defendant LaBelleCo of the possibility that coverage may not be available under the Policy for the June 7, 2016, incident.

### IV.

### CLAIM FOR DECLARATORY RELIEF

8.     Pursuant to 28 U.S.C. Section 2201, StarStone seeks a judicial declaration that the Policy does not provide coverage for the resulting damage to the Property that occurred on June 7, 2016.  The Aviation Policy Application that Defendant LaBelleCo's representative completed, specifically required as a policy condition all pilots for the insured Property to be listed on said Application, and that their

qualifications must be provided to afford coverage for said named pilot(s).  The Application signed by Mr. Ryan Merendino, the CEO of Defendant LaBelleCo, expressly states:

"**The policy provides NO coverage when aircraft are operated by persons other than Pilots that are named in the Policy** or that meet all of the requirements of the Additional Pilot Clause, if applicable." (The additional pilot clause is not applicable).

The Application also required:

"All pilots must be in compliance with the Flight Review requirements of FAR 61.56 and be in possession of a current valid Medical Certificate and be rated for the make and model being flown, unless otherwise stated."

9. The only pilot Defendant LaBelleCo listed on the Application was Mr. Brent Franks.  **No other pilots were listed or named by the Defendant LaBelleCo for the insured Property**.  The Section where Mr. Franks was listed specifically states as follows:

"PILOTS: PLEASE LIST BY NAME ALL PILOTS WHO WILL OPERATE INSURED AIRCRAFT along with the registration numbers of the applicable insured aircraft for each.  A separate pilot history form for each pilot is required and will form a legal part of your policy."

A true and correct copy of the above referenced Application for Aviation Policy is attached hereto as Exhibit "B" and incorporated herein.

10. The Policy's coverage is limited to direct physical loss of or damage to the Property caused by or resulting from a Covered Cause of Loss.  However, a Covered Cause of Loss does not include a loss while the Property is being operated by anyone other than those pilot(s) who are listed or named on the Application and the Policy.  Brent Franks was the only person named in the Application, and also the only person named in the Binder initially issued for the Policy, as being a "Pilot" for the insured Property.  Defendant LaBelleCo was provided with documentation confirming coverage for the Policy only applied to "Approved Pilots" identified to operate the Helicopter.  Attached hereto as Exhibit "C" is a copy of Confirmation of Coverage Bound for the Policy.  This Confirmation of Coverage Bound was forwarded to Defendant LaBelleCo on May 11, 2016, prior to the June 7, 2016, incident, and only names Brent Franks as an approved pilot for the Helicopter.  In fact it specifically states that coverages "**do not apply** while N38SL is operated" by someone other than Brent Franks.  Since Brent Franks was not operating the Helicopter at the time of the incident, and was not even present, there is no coverage under the Policy for

the Property.  StarStone therefore respectfully requests judgment be issued from the Court in its favor denying coverage.

11. In addition to the Confirmation of Coverage Bound, attached hereto as Exhibit "D" is a copy of the Sixty Day Binder sheet for the Policy which also only names Mr. Brent Franks as an approved Pilot.  **No other "Pilots" are named on the documents completed by Defendant LaBelleCo** provided to the insurance company prior to the incident of June 7, 2016.  As Mr. Brent Franks was not operating the Helicopter at the time of the incident, there is no coverage for the same under the Policy.

12. Attached hereto as Exhibit "E" is a statement given by Mr. Ryan Merendino that confirms he was alone in the Helicopter on the date of the incident.  Mr. Merendino states "I followed the manufacturer pre-flight checklist with no issues.  I proceeded to start the Helicopter and as it reached approximate idle speed the Helicopter spun on the skids as that took place the Helicopter immediately turned over on its right side crashing off the pad into the ground."  The key here is that Mr. Merendino states he is the one who "started" the Helicopter and was in control "as it reached approximate idle speed" immediately prior to the incident.  Mr. Merendino further states he "contacted the pilot to let him know what has just taken place."  Mr. Merendino's own admissions confirm that the named pilot for the insured Property was not there at the time of the incident, and that on June 7, 2016, only Mr. Merendino (and not the named pilot Mr. Franks) started the subject Helicopter.  Accordingly, there is no coverage under the Policy for the incident because the named pilot Mr. Franks was not operating the Helicopter when the incident occurred and the Plaintiff respectfully requests a judgment be issued in its favor as to the same.

13. Moreover, the National Transportation Safety Board ("NTSB") conducted an investigation of the incident and issued a report confirming that the only approved pilot for the Helicopter, Mr. Brent Franks, was not present and did not witness the incident when it occurred, and did not authorize any actions the day of the incident.  The NTSB report further confirms that Mr. Merendino was the only one in the Helicopter on the date of the incident, and the only one who attempted to start the Helicopter.  Attached hereto as Exhibit "F" is a copy of said NTSB report.  Mr. Merendino was not an approved pilot under the

Policy. Accordingly, StarStone requests the court to issue judgment that no coverage is to be provided under the Policy for this June 7, 2016, incident.

## V.

## RESCISSION OF THE POLICY

14. Alternatively, StarStone asserts that the Policy is void and should be rescinded because of the misrepresentations made by Defendant LaBelleCo as to who would be operating the Helicopter, and that others (besides those identified and named as approved pilots) attempted to operate the Helicopter (like Mr. Merendino on the date of the incident). The Policy would not have been issued to cover non-approved pilots for the Helicopter like Mr. Merendino if it was disclosed to StarStone that others (besides those identified and qualified as approved pilots for the Helicopter) would be operating the Helicopter. The Policy does not provide coverage when individuals not named as approved pilots operate the Helicopter, and only Brent Franks was identified as the approved pilot for the Helicopter by Defendant LaBelleCo. The Policy terms and conditions further specifically state that the Policy "shall be void" if the insured conceals or misrepresents any material fact regarding the insurance or commits fraud. To the extent Defendant LaBelleCo's actions or omissions constitute fraud, or were misrepresentations of material fact, the Policy should be rescinded. Moreover, coverage only exists when Mr. Franks operates the Helicopter under the terms and conditions of the Policy, and Mr. Franks was not operating the Helicopter on the date of the incident so there can be no coverage. Judgment should be rendered in StarStone's favor that there is no coverage under the Policy for the June 7, 2016, incident referenced above, or, alternatively, the court should rescind the Policy altogether given the actions of Defendant LaBelleCo.

## VI.

## POLICY EXCLUSIONS

15. Finally, there are exclusions to coverage in the Policy for those situations when non-approved pilots operate the Helicopter. Exclusion B in the Policy specifically states that coverage does not apply when the Helicopter "is operated by persons who are not specifically named as a Pilot on the declarations page" or in other Policy endorsements. Exclusion J in the Policy provides that there is no

coverage unless a licensed pilot or mechanic is seated at the controls of the Helicopter. Here, Mr. Merendino (who was not named as an approved pilot) attempted to start the Helicopter. This is confirmed by his own statement and the NTSB report, both of which are attached hereto as Exhibit "E" and Exhibit "F," respectively. As a result, there also can be no coverage for the incident applying the exclusions found in the Policy, and StarStone requests the Court to grant relief in its favor denying said coverage.

## VII.

## **CONCLUSION AND PRAYER**

Based on the foregoing, StarStone respectfully asks the Court to issue judgment as follows in its favor that there is no coverage under the Policy for the June 7, 2016, incident referenced above:

1. Declaring that the Policy does not provide coverage for the claimed damage to the Property which occurred as a result of the June 7, 2016, incident;

2. Declaring that StarStone has no duty to pay Defendants any amount under the Policy for the claimed damage to the Property for the June 7, 2016, incident;

3. Or alternatively, that the Policy exclusions apply and there is no coverage for the June 7, 2016, incident;

4. Or alternatively, that the Policy conditions apply and there is no coverage for the June 7, 2016, incident;

5. Or alternatively, that the Policy is void and rescinded and there is no coverage for the June 7, 2016, incident; and

6. For such other and further relief to which StarStone may be justly entitled, whether at law or in equity, as deemed by this Court.

      Respectfully submitted,

      SPARR & GEERDES, INC.
      1313 NE Loop 410, Suite 100
      San Antonio, Texas 78209
      210-828-6500 - Telephone
      210-828-5444 - Telecopier

        */s/Richard A. Sparr, Jr.*
BY:_____
      RICHARD A. SPARR, JR.
      State Bar No. 18887300

LOCAL COUNSEL:

THE LEWIS LAW FIRM
8445 Gladys Avenue
Beaumont, Texas 77706
(409) 899-5600 - Phone
(409) 899-5682 - Facsimile

BY:     */s/Eric A. Laskowski*
_____
ERIC A. LASKOWSKI
State Bar No. 24041298
Email: elaskowski@lewislawyers.com
CLINTON W. LEWIS
State Bar No. 12275250
Email: lewislawyers@aol.com

ATTORNEYS FOR THE PLAINTIFF,
STARSTONE NATIONAL
INSURANCE COMPANY